IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA WAYNE WILSON, ) | |
| ) | Case No. 1:09-CV-213-BLW |
| Plaintiff, ) | |
| ) | **INITIAL REVIEW ORDER** |
| vs. ) | |
| ) | |
| JOHN HARDISON, SHELL WAMBLE ) | |
| FISHER, JAY CHRISTENSEN, MARY ) | |
| PERRIEN, ZARAH MARTIN, JOHN ) | |
| FERGUSON, PHILLIP VALDEZ, DANIEL ) | |
| PRADO, JOEL VANCE YOUNG, AND ) | |
| JOHN DOE BEARLOCKER, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Clerk of Court conditionally filed Plaintiff's Complaint, subject to review by the Court to determine whether the Complaint should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

### REVIEW OF COMPLAINT

**A.     Standard of Law**

The Court is required to review complaints seeking relief against a governmental entity or employee to determine whether summary dismissal is appropriate. 28 U.S.C. §§

**INITIAL REVIEW ORDER  1**

1915 and 1915A.  The Court must dismiss a complaint or any portion thereof that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id*.

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute.  To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff, an inmate in the custody of the Idaho Department of Correction, alleges that he is being denied proper mental health care, including necessary psychiatric medications.  Plaintiff asserts that his Eighth Amendment right to be free from cruel and unusual punishment is being violated, and that Defendants are acting with "gross negligence."  He seeks injunctive relief, compensatory damages, and punitive damages.  He alleges that he has exhausted his administrative remedies.

### B.  Eighth Amendment

To proceed on an Eighth Amendment claim, a plaintiff must state sufficient facts alleging that defendants were deliberately indifferent to the plaintiff's serious medical needs.  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).  This test has an objective and a subjective component.  If a mental health condition is deemed a "serious medical need," the objective component of the test is satisfied.  To satisfy the subjective component, the plaintiff must state facts alleging that

**INITIAL REVIEW ORDER  2**

each defendant was deliberately indifferent to the serious medical need.  Deliberate indifference exists in two circumstances: (1) when a defendant knows of and disregards a serious medical condition, or (2) when a defendant is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference.  *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

The Eighth Amendment requires that an inmate with a mental illness which can be classified as a "serious medical need" be provided reasonable access to medical personnel qualified to diagnose and treat such illnesses.  *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762-63 (3d Cir. 1979).  The Eighth Amendment claim fails if the need is not serious, or if the defendants have not exhibited deliberate indifference in providing diagnostic services and treatment.  Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment.  *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980)

Prisoners are entitled to adequate, but not the best available, medical and mental health care, as the Supreme Court has opined that "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. at 9.  A mere difference in judgment between an inmate and prison medical personnel, or between two doctors, regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th

**INITIAL REVIEW ORDER  3**

Cir. 1990).

While Plaintiff has stated an Eighth Amendment claim with his assertion that he is being deprived of mental health prescription medication, he has not stated any facts showing how Defendants have personally participated in the alleged violation. As a result, he shall be required to file an amended complaint to show each Defendant's role in the alleged violation. In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court explained this requirement:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

As another court explained, "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Rather, where defendants' "only roles in [a civil rights] action involve the denial of administrative grievances or the failure to act. . . they cannot be liable under § 1983." *Id*. at 300.

In addition, Plaintiff may seek injunctive relief from the official who has direct responsibility in the area in which Plaintiff seeks relief. *See Rounds v. Oregon State Bd. Of Higher Education*, 166 F.3d 1032, 1036 (9th Cir. 1999); *Ex parte Young*, 209 U.S. 123, 157-58 (1908).

### C. Fourteenth Amendment

**INITIAL REVIEW ORDER 4**

The Supreme Court has instructed the federal courts that, whenever possible, they should analyze constitutional claims using an "explicit textual source of constitutional protection," rather than using "the more generalized notion of 'substantive due process'" under the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Under the *Graham* principle, Plaintiff's claim is more appropriately construed as an Eighth Amendment claim than a Fourteenth Amendment substantive due process claim. Therefore, Plaintiff may not proceed under the Fourteenth Amendment, and he should omit such a claim from his amended complaint.

D. **Negligence**

Plaintiff's claim of gross negligence is a state law claim. *See Daniels v. Williams*, 474 U.S. 327 (1986) (Negligence is not actionable under § 1983.). He may proceed on this claim only if he can show that he has presented notices under the Idaho Tort Claims Act (ITCA) to the proper governmental entities during the proper time frames. *See* Idaho Code §§ 6-901 through 6-929. Claims subject to the ITCA include "any written demand to recover money damages from a governmental entity or its employee which any person is legally entitled to recover under this act as compensation for the negligent or otherwise wrongful act or omission of a governmental entity or its employee when acting within the course or scope of his employment." I.C. § 6-902(7). Section 6-905 provides that "[a]ll claims against the state arising under the provisions of this act and all claims against an employee of the state for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the secretary of state within one

**INITIAL REVIEW ORDER  5**

hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later." Idaho Code § 6-908 provides that "[n]o claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act."

### E. Exhaustion of Administrative Remedies

Plaintiff states that he has exhausted his administrative remedies, but he has attached copies of only Inmate Concern Forms. To fully exhaust one's remedies in an Idaho prison, the entire grievance procedure, including appeal to the warden, must be completed properly prior to the filing of the Complaint. If Plaintiff has not done so, he may wish to voluntarily dismiss his complaint rather than suffer dismissal by motion of Defendants and loss of his $350 filing fee.

### F. Request for In Forma Pauperis Status

In order for any litigant to file a civil complaint in federal court, that litigant must either pay the filing fee in full at the time of filing or seek in forma pauperis status, which allows the litigant to pay the filing fee over time. In either case, the litigant must pay the full filing fee for having filed the complaint, regardless of whether that person's case is eventually dismissed or is unsuccessful.

Plaintiff has requested in forma pauperis status. Based upon the information in Plaintiff's Affidavit and Trust Account Statement, Plaintiff is entitled to proceed in forma pauperis if he decides to file an Amended Complaint. After review of the amended complaint, the Court will direct the Clerk of Court to effect service of the Amended

**INITIAL REVIEW ORDER  6**

Complaint and Motion for Preliminary Injunction upon Defendants. Plaintiff will be required to pay the $350.00 fee in increments by automatic withdrawals from his Prison Trust Account if he elects to proceed.

### G. Motion for Appointment of Counsel

Plaintiff also seeks appointment of counsel. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986).

The Court finds that Plaintiff's Complaint, liberally construed, states a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the Complaint, it is presently impossible to determine the likelihood of Plaintiff's success on the merits. The Court also finds that Plaintiff has articulated his claims in an understandable and sufficient manner. Based on the foregoing reasons, the Court shall deny Plaintiff's Motion for Appointment of Counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

### H. Instructions for Amendment

If Plaintiff chooses to amend his § 1983 complaint, he must allege in specific terms the following: (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights; (2) the dates on which the conduct of each Defendant allegedly took place; (3) the specific conduct or action of each

**INITIAL REVIEW ORDER 7**

Defendant that Plaintiff alleges is unconstitutional; (4) the injury suffered as a result; and (5) the remedy sought. *See Taylor v. List*, 880 F.2d at 1045. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The amended complaint should contain all of his allegations in a single pleading, replacing the original complaint in total.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 1) is GRANTED. Plaintiff shall be obligated to pay the statutory filing fee of $350.00 by automatic deductions from his prison trust account if he files an amended complaint.

IT IS FURTHER HEREBY ORDERED that Plaintiff's request for appointment of counsel, contained in his Complaint, is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall file a notice of voluntary dismissal or an amended complaint, as directed above, no later than thirty (30) days after entry of this Order.



DATED: **June 10, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge